UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Israel Newman,

                             Plaintiff,        **MEMORANDUM AND ORDER**
                                                                         Case No. 09-cv-4313 (TLM)

      -against-

James Herbst et al.,

                             Defendants
---------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

      Before the Court is plaintiff's Motion to Dismiss defendant's counterclaim [Rec. Doc. 288] and defendant's Memorandum in Opposition thereto [Rec. Doc. 297]. Plaintiff moves to dismiss defendant's counterclaim under Fed. R. Civ. Pro. 12(b)(6), on the ground that defendant fails to state a claim upon which relief can be granted. For the reasons that follow, plaintiff's Motion [Rec. Doc. 39] will be GRANTED.

      "For the purposes of [a 12(b)(6) motion], this Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (internal quotations omitted). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1940 (2009) (internal quotations omitted). The Supreme Court has found that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 545 (2007) (internal quotations and citation omitted).

      The only portion of defendant's "Amended Answer and Counterclaims" [Rec. Doc. 56] that

hints of a counterclaim against plaintiff is paragraph 315, which states: "Answering Defendant expended on behalf of plaintiffs Brach and Newman additional funds for various purposes, which amount has never been repaid." This sentence fails to state a legal claim. Even interpreted in a light most favorable to defendant, his original pleading does not state that he seeks to have any funds returned to him, much less set out a statutory basis or legal theory under which he would be entitled to a return of such funds. Defendant's Opposition [Rec. Doc. 297], which merely states, in paragraph 36, that "all the counterclaims have been justly 'earned' by all the plaintiffs, especially Newman, who had the longest time to reconsider his position," likewise fails to state any valid legal claim for relief. Based on the foregoing, it is

**ORDERED** that plaintiff's Motion to Dismiss defendant's counterclaim [Rec. Doc. 288] is **GRANTED**.

**SO ORDERED.**

                                          Tucker L. Melançon
                                          United States District Judge

February 25, 2010
Brooklyn, NY