UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Israel Newman,

                             Plaintiff,         **MEMORANDUM AND ORDER**
                                                          Case No. 09-cv-4313 (TLM)
      -against-

James Herbst et al.,

                             Defendants
----------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

      Before the Court is defendant James Herbst's Motion for Summary Judgment [Rec. Doc.291] and plaintiff's Memorandum in Opposition thereto [Rec. Doc. 296]. For the reasons that follow, defendant's Motion will be DENIED.

      "Summary judgment is warranted when, after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir.2009); *see also* Fed. R. Civ. P. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

      Defendant's Motion consists primarily of a request, purportedly based on various provisions of Fed. R. Civ. P. 56, that the Court hold a hearing so that he may demonstrate his entitlement to summary judgment through live interrogation of plaintiff, his attorney, and a non-party individual. This request does not relieve defendant of his obligation to show, through his pleadings and the record, the absence of any issue of material fact. Defendant's Motion does not make such a showing, and thus will be denied.

Defendant's Motion invokes Fed. R. Civ. P. 56(d)(1), which *allows* the Court to interrogate the attorneys in order to determine what material facts are not genuinely at issue. Given the history of this case, and as the Court will be the finder of fact at trial, such a hearing prior to trial would be unnecessary and inappropriate.

Defendant's Motion also invokes Fed. R. Civ. P. 56(f), which only applies "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Given defendant's failure to meet his initial burden of demonstrating the absence of genuine issues of material fact, Rule 56(f) is inapplicable.

To the extent that defendant's Motion raises any defense listed in Fed. R. Civ. P. 12(b)(1)-(7), the Court has already ruled that decision on all such defenses is deferred until trial [See Rec. Doc. 294].

Based on the foregoing, it is

**ORDERED** that defendant's Motion for Summary Judgment [Rec. Doc. 291], and his request for a hearing, are **DENIED**.

**SO ORDERED.**

Tucker L. Melançon
United States District Judge

February 25, 2010
Brooklyn, NY